| | | |
|---|---|---|
| Jimmy W. Wilson, #295782, | ) | |
| | ) | Civil Action No. 5:11-1541-MBS-KDW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, McDougall Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Jimmy W. Wilson ("Petitioner" or "Wilson"), a state prisoner, filed this pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court

pursuant to 28 U.S.C. § Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a

Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF

Nos. 32, 33.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

Petitioner of the summary judgment and dismissal procedures and the possible consequences if

he failed to respond adequately to Respondent's motion. ECF No. 34.  Petitioner filed a response

in opposition to Respondent's motion. ECF No. 41.  Having carefully considered the parties'

submissions and the record in this case, the undersigned recommends that Respondent's Motion

for Summary Judgment, ECF No. 32, be granted.

    I.  Factual Background

Petitioner was indicted for operating a motor vehicle on January 5, 2003 while under the

influence of intoxicating liquors and/or narcotic drugs. App. 244.[1] The indictment further alleged

that Petitioner "did an act forbidden by law and/or neglected a duty imposed by law, to wit:

---

[1] Citations to "App." refer to the Appendix for Writ of Certiorari as to Petitioner's claim for
collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 33 in
this habeas matter.

driving left of center of the roadway and/or veering off the right hand side of the road, . . and/or speeding . . .which acts and/or neglect proximately caused the death of Dale Wilson." *Id.*

At the hearing on the guilty plea, the solicitor provided a factual summary for the court. App. 91-96. The solicitor indicated that he intended to call as Shawn Collins, who was a passenger in the victim's vehicle, as a witness. App. 92. Witness Margaret Shobe, whose car was also struck by Petitioner's vehicle, was also prepared to testify that she was driving behind the victim's truck for approximately five miles and observed the victim driving erratically and crossing the center line three or four times prior to the accident. App. 93; *see also* Shobe Aff., App. 242. The state's third witness was Charles Howard, who was traveling behind Ms. Shobe. Mr. Howard would "have identified the [Petitioner's] truck as having run off the right-hand side of the road, overcorrected, and shot into their lane, striking [the victim's] car . . . on the wrong side of traffic." App. 93-94. The paramedics would testify that the victim had no vital signs, and was transported to the emergency room and pronounced dead. App. 94. As required by state law, a sample of the victim's blood was analyzed by the South Carolina Law Enforcement Division ("SLED"). The test results were negative for alcohol, benzodiazepines, cocaine, and opiates. ECF No. 44. The sample was not tested for marijuana, however, "Mr. Collins would testify that they had obviously not consumed any illegal drugs that day nor did [the victim] ever smoke marijuana or any other kind of drug." App. 94. The emergency room doctor would testify that Petitioner had a strong odor of alcohol and a blood sample came back positive with a .32 blood-alcohol level. App. 95. Another sample taken about four hours after the accident came back positive at approximately .21 blood-alcohol level. App. 95-96. Petitioner agreed that the solicitor's factual summary was correct. App. 100.

II.     Procedural History

Petitioner is currently incarcerated in McDougall Correctional Institution of the South Carolina Department of Corrections ("SCDC"). A Berkeley County Grand Jury indicted Petitioner in August 2003 for felony driving under the influence ("DUI") causing death. App. 243-44.  Steve Davis, Esq., represented Petitioner on the charge. The case was called for trial on August 25, 2003, and a jury was selected. App. 1-67. On August 26, 2003, prior to any additional proceedings, Petitioner decided to plead guilty. App. 71.  The Honorable Markley Dennis heard and accepted the plea. Judge Dennis sentenced Petitioner to 20 years, suspended upon service of 18 years, and a five-year probation. App. 111. Judge Dennis also imposed a fine of $10,000.00. *Id.*  Petitioner appealed.

Wanda P. Hagler, Acting Deputy Chief Attorney of the South Carolina Office of Appellate Defense represented Petitioner on appeal. On November 9, 2004, counsel filed a Final *Anders*[2] Brief of Appellant in the South Carolina Court of Appeals, and raised the following issue:

> The lower court erred in accepting appellant's guilty plea without advising him of the sentencing consequences thereof.

ECF No. 33-4 at 6.

Counsel also submitted a petition to be relieved as counsel as "in her opinion, the appeal [was] without legal merit sufficient to warrant a new trial." ECF No. 33-4 at 9. On November 10, 2004, the Deputy Clerk of the South Carolina Court of Appeals advised Petitioner of his right to file a "pro se, brief addressing any issues you believe the Court should consider in this appeal."

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

ECF No. 33-5. Petitioner did not submit a pro se brief. The South Carolina Court of Appeals issued an unpublished opinion on April 7, 2005 dismissing the appeal. ECF No. 33-6. Petitioner did not seek rehearing and did not seek further review by the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on May 11, 2005. ECF No. 33-7.

On October 11, 2004, prior to the completion of the direct appeal, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a) A Subject Matter Jurisdiction;

(b) Ineffective Assistance of Counsel;

(c) Involuntary Guilty Plea.

App. 116.

The State made a return to the application and moved to dismiss on February 18, 2005. App. 126-27. The State amended the return and requested an evidentiary hearing on September 16, 2005. App. 130-35.

An evidentiary hearing was held May 29, 2007, before the Honorable J. Derham Cole. Tommy A. Thomas, Esq., represented Petitioner in the action, and Jeanette Van Ginhoven, Esq., represented the State. App 137-40. At the beginning of the hearing, PCR counsel moved to amend the allegations to include a challenge to sentencing. The State did not object, and Judge Cole allowed the amendment. App. 141-42. Petitioner, trial counsel Steve Davis, and Petitioner's father testified at the hearing. App. 140-221.

On September 5, 2007, the PCR court issued an order dismissing Petitioner's application for PCR. App. 223-32. Specifically, the PCR court issued the following findings of fact and conclusions of law:

The court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and legal arguments of counsel. Pursuant to S.C. Code Ann. §17-27-80 (1985). This Court makes the following findings of fact based upon all of the probative evidence presented.

## 1. ILLEGAL SENTENCE

The Applicant claims that his sentence was illegal. The Applicant claims S.C. Code Ann §56-5-2945 does not provide for a suspended or probationary sentence. S.C. Code Ann §56-5-2945 states:

> (A) A person who, under the influence of alcohol, drugs, or the combination of alcohol and drugs, drives a vehicle and when driving does any act forbidden by law or neglects any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes great bodily injury or death to a person other than himself, is guilty of a felony and upon conviction must be punished: … (2) by a mandatory fine of no less than ten thousand one hundred dollars or more than twenty-five thousand one hundred dollars and mandatory imprisonment for not less than one year nor more than twenty-five years when death results. A part of the mandatory sentences required to be imposed by this section must not be suspended, and probation must not be granted for any portion.

This Court finds that the language of the statue requires that the minimum one year sentence not be suspended. This Court finds that the Applicant's sentence of twenty years suspended upon service of eighteen years with five years probation is not an illegal sentence.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

The Applicant claimed trial counsel was ineffective because he failed to prepare for trial by not conducting a pre-trial investigation or interviewing defense witnesses. The Applicant claimed trial counsel did not interview the one witness, Margaret Shobe, that would be helpful to his case. The Applicant also claimed that trial counsel was ineffective because he gave erroneous advice regarding the potential sentence and the direct and collateral consequences of the plea.

The Applicant testified that trial counsel was not prepared to go to trial. The Applicant asserts that the victim's blood should have been tested for marijuana because the toxicology report came back negative for other illegal drugs and alcohol but the toxicology report did not test for marijuana. The Applicant asserts that the victim may have been under the influence of marijuana thus causing the accident.

The Applicant further asserted that trial counsel did not interview Margaret Shobe regarding her statement. Margaret Shobe was a witness to the accident. In her statement, she stated the victim's car went on and off the shoulder of the road and crossed the center line prior to the accident. Margaret Shobe's statement also state's [sic] that she could not see the actual accident because it occurred on a curve. The Applicant testified that he met with trial counsel and discussed the possible theory of his defense which was that he was not at fault in causing the accident but the victim actually caused the accident. The Applicant testified that he discussed the fact that Margaret Shobe's statement was the only favorable piece of evidence for the defense.

The Applicant also claims trial counsel was ineffective in erroneously advising him regarding the potential sentence. The Applicant claims trial counsel guaranteed him a sentence between five and seven years if he pled guilty.

Trial counsel testified that he had adequate time to prepare for trial and was prepared for trial. Trial counsel testified that he did not have the victim's blood tested for marijuana. He testified that the toxicology report came back negative for the other illegal drugs tested and alcohol. The passenger in the victim's vehicle would testify that the victim had not smoked marijuana that day.

Trial counsel also testified that he hired an investigator, William Freeman, to interview Margaret Shobe. The investigator reported back that Margaret Shobe would testify at trial that although victim's car did run off the road earlier, that there was no erratic driving on the victim's part two to three miles before the accident occurred. Trial counsel also testified that he and the Applicant discussed the theory of their defense which was that the victim contributed to the accident. Trial counsel admitted there were huge hurdles to overcome especially since the victim did not have alcohol in his blood but the applicant's blood alcohol content was above the legal limit. Trial counsel also testified that there were other witnesses to the accident that were going to testify that the Applicant was at fault in the accident.

Trial counsel testified that he was trying to negotiate a plea offer for the Applicant. A letter from trial counsel to the solicitor dated August 6, 2003, indicates that the Applicant rejected a twenty year cap but made a counter offer that he would accept a cap of fourteen years. Trial counsel testified that he at no

time told the Applicant what particular sentence he would receive from the trial judge. He testified that he informed the Applicant of the maximum sentence and that it was an eighty-five percent crime and what the consequences of the classification meant.

The Applicant failed to call Margaret Shobe as a witness and failed to produce any evidence that the victim's blood contained marijuana at he [sic] PCR hearing. Mere speculation of what a witness' testimony may be is insufficient to satisfy the burden of showing prejudice resulting from counsel's failure to interview such witness in a petition for post-conviction relief. *Porter v. State*, 368 S.C. 378, 629 S.E.2d 353 (SC Sp. Ct. 2006).

This court finds that the trial counsel's testimony is more credible than the Applicant's. It is clear from the testimony and the guilty plea transcript, that the Applicant was informed of the potential sentences and collateral consequences of the plea. It is also clear from the trial counsel's testimony that he adequately prepared for trial and relayed potential plea offers to the Applicant. Therefore, this Court finds that trial counsel was not ineffective and that the Applicant has failed to show prejudice from trial counsel's performance.

### 3. INVOLUNTARY GUILTY PLEA

The Applicant claims his guilty plea was entered involuntarily because trial counsel advised him incorrectly regarding the potential sentence. The Applicant also claimed that trial counsel coerced him to enter the plea and instructed the Applicant regarding how to answer the trial judge's questions. The Applicant claims trial counsel advised him incorrectly regarding the sentence in that he did not know the sentence could not be suspended. The Applicant also claimed that trial counsel guaranteed him a sentence between five and seven years.

Trial counsel testified that he never informed the Applicant that he would receive a sentence between five and seven years and that he did not instruct the Applicant regarding how to answer the trial judge's questions during the guilty plea. Trial counsel also testified that he advised the Applicant to accept the plea offer based on the unlikely event of winning at trial due to the amount of evidence against the Applicant. However, trial counsel testified that he did not force the Applicant to enter a guilty plea and would have proceeded to trial if the Applicant had indicated he wanted to proceed with trial.

This Court finds that the suspended sentence is not an illegal sentence. This Court finds that every aspect of the Applicant's testimony regarding the deficiencies of his trial counsel's representation was not credible. This Court finds that the transcripts and trial counsel's testimony shows that Applicant understood

the consequences of a guilty plea, the elements of the crime of felony driving under the influence where death results, his Constitutional rights, and the possible sentences. This Court finds that trial counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney. <u>Strickland v. Washington</u>; <u>Hill v. Lockhart</u>. This Court further finds the Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would have not pled guilty but would have insisted on going to trial. <u>Roscoe v. State</u>. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. <u>Boykin v. Alabama</u>; <u>Pittman v. State</u>. Therefore, the Applicant's guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel. Accordingly, the allegation of involuntary guilty plea resulting from the allegation of ineffective assistance of counsel is denied.

## 4. SUBJECT MATTER JURISDICTION

In his PCR Application, the Applicant raised the allegation that the trial court lacked subject matter jurisdiction to accept his guilty plea because the warrant was not issued, the subsection of the applicable statute was not referenced in the indictment, and the indictment failed to include the essential elements of the crime. The Applicant did not raise these issues and did not provide any testimony regarding these issues during the PCR Hearing.

This Court has reviewed Indictment Number 200-GS-08-1427 and finds that the trial court had subject matter jurisdiction to accept the Applicant's guilty plea. Defects in the indictment do not affect subject matter jurisdiction. *See* <u>State v. Gentry</u>, 363 S.C. 93, 610 S.E.2d. 494 (2005); <u>U.S. v. Cotton</u>, 535 U.S. 625, 122 S.Ct. 1781 (2002). The indictment is a notice document, and any challenges to its sufficiency must be made in accordance with S.C. Code Ann. § 17-19-90 (2003). *See also,* S.C. Code 17-19-20 (2003). Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. *See* <u>Gentry</u>, *supra*; <u>Dove v. Gold Kist, Inc.,</u> 314 S.C. 235, 442 S.E.2d. 598 (1994). It is clear that the trial court had the power to hear this case. This Court further finds that it is clear from the Applicant's testimony and the guilty plea transcript that the Applicant was on notice of the charge he was facing.

As to any and all allegations which were or could have been raised on the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are dismissed with prejudice.

## CONCLUSION

The Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 226-32.

Petitioner filed a motion to alter or amend on September 26, 2007 because the Order of Dismissal did not address Petitioner's claim regarding his request for a continuance. App. 233-36. Judge Cole issued an amendment to the Order of Dismissal on September 8, 2008, but affirmed the denial of relief. App. 237-39. Petitioner appealed. *See* ECF No. 33-8.

M. Celia Robinson, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, initially represented Petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on May 12, 2009, and raised the following issue:

Did the PCR judge err in denying relief despite the fact that petitioner's guilty plea was not entered knowingly or voluntarily but it was entered as a result of petitioner's retained attorney's not being properly prepared and as the further result of petitioner's not being offered appointed counsel in lieu of retained counsel with whom petitioner was dissatisfied such that petitioner was forced to a guilty plea rather than proceed to trial without legal representation?

ECF No. 33-8 at 3.

On June 1, 2009, Tricia A. Blanchette, Esq., with Petitioner's and Ms. Robinson's consent, filed a Motion for Substitution of Counsel and Substitution of Petition for Writ of Certiorari. ECF No. 33-9. Ms. Blanchette requested she be substituted as counsel in the appeal, and also requested that she be allowed to file a petition for writ of certiorari. *Id.* The Supreme Court of South Carolina granted the motion on July 9, 2009. ECF No. 33-10. Ms. Blanchette

filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on September 17, 2009, and raised the following issue:

> The Lower Court Erred in Finding that Trial Counsel's Performance Was Not Ineffective and Prejudicial to the Petitioner.

ECF No. 33-11 at 3.

The State made its return to the petition on January 5, 2010. ECF No. 33-12. The Supreme Court of South Carolina denied the petition on November 5, 2010. ECF No. 33-13. Counsel filed a petition for rehearing on November 16, 2010, ECF No. 33-14, which the court denied on December 2, 2010, ECF No. 33-15. The court also issued the remittitur on December 2, 2010. ECF No. 33-16.

II. Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> Ground One: Subject Matter Jurisdiction.
>
> Supporting facts:    The crime was in the exclusive jurisdiction of the Magistrates Court where probable cause is found by Officer of Record, supported by oath which allows the warrant to be issued. Defendant was never issued a warrant, and was only issued a traffic citation reading: "Felony Driving Under the Influence." Ticket #A546079. The indictment was not adequate, the indictment should have every essential element in it which the defendants did not. The indictment reads 56-5-2945, and should have read 56-5-2945-(A2).
>
> Ground Two: Ineffective Assistance of Counsel.
>
> Supporting facts:    1) Counsel should have asked for a continuance himself to interview all witnesses personally and back defendants motion for continuance to properly prepare for court. (2) Get a

10

complete discovery package. 3) Get a full toxocology [sic] report an autopsy of victim. 4) Investigate accident scene and get reenactment. 5) Interview all witnesses, including arresting officer.

Ground Three: Involuntary Guilty Plea.

Supporting facts:  (1) Defendants plea was entered involuntarily because defendant was advised incorrectly regarding the potential sentence. Defendant was also coerced by counsel Davis how to answer the trial judges answers [sic]. Counsel also guaranteed defendant that he would be sentenced to only 5 to 7 years. (2) In a nutshell, defendant was mislead [sic] by trial counsel in every aspect of the court precedings [sic]. Facts are facts, he had no statements on helping defendant with the plea precedings [sic].

ECF No. 1 at 5-8, ECF No. 1-1 at 1, 6.

Petitioner subsequently filed an Amended Petition for Habeas Corpus Relief to add the following ineffective assistance of counsel claims:[3]

l. Counsel failed to adequately investigate the circumstances, facts, and witnesses with regard to the State's charges that Petitioner was responsible for an automobile accident which resulted in the death of another driver.

2. Counsel failed to personally interview the only detached witness, Ms. Margret Shobe.

3. Counsel failed to require the State to produce a full toxicology report of the victim, which would have revealed the victim's use of marijuana.

4. Counsel failed to either personally view the scene of the accident, or produce an accident scene specialist, who would have verified that Petitioner was not responsible for the accident.

5. Counsel rendered ineffective assistance in not abiding by Petitioner's directive to seek a continuance. Petitioner's directive to seek a continuance was based on counsel's failure to require the State to provide critical <u>Brady</u> material, to wit, a full toxicology report indicating the victim's use of THC.

---

[3] Petitioner states his Amended Petition "should supplant all previous filings." ECF No. 22 at 1. The court is not clear if Petitioner intended to abandon his claims of lack of subject matter jurisdiction and involuntary guilty plea, or "supplement" his original Petition. Thus, the court will consider all three of Petitioner's grounds in its analysis.

6. Counsel rendered ineffective assistance in that he declined to inform Petitioner that Petitioner could secure appointed counsel, rather than proceed pro se.
7. Counsel failed to assist Petitioner in securing medical treatment for Petitioner's injuries, which rendered Petitioner unable to adequately assist in the preparation of his case, or make reasoned decisions concerning whether to plead guilty or proceed to trail [sic].

ECF No. 22.

B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed

by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

      C.      Habeas Corpus Standard of Review

           1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.　　　Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.　　　Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)　　　(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)　　　the applicant has exhausted the remedies available in the courts of the State; or

(B)　　　(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in

state court. If the state courts have applied a procedural bar to a claim because of an earlier

default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of
> judicial decisions, but also the finality of those decisions, by forcing the defendant
> to litigate all of his claims together, as quickly after trial as the docket will allow,
> and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance

with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional

violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533

(quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply

with state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S.

478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by

state rules from returning to state court to raise the issue, he has procedurally bypassed his

opportunity for relief in the state courts and in federal court. A federal court is barred from

considering the filed claim (absent a showing of cause and actual prejudice). In such an instance,

the exhaustion requirement is technically met and the rules of procedural bar apply. *See*

*Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991);

*Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir.

1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

D.      Analysis

1.      Procedurally-Barred Grounds

Respondent contends that parts of Petitioner's claims in Ground Two (ineffective assistance of counsel) and his claim in Ground Three (involuntary guilty plea), are procedurally barred to the extent they were not raised or preserved in state court.[4] Procedural default is an affirmative defense that is waived if not raised by Respondent. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If

---

[4] Respondent submits that Petitioner's Ground One is not cognizable in this federal habeas matter because it is based on state law. ECF No. 33 at 15. Accordingly, Respondent submits this ground is not subject to a procedural default analysis. *Id.*, n.5.

not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

> a.  Counsel's failure to advise Petitioner he was eligible for court-appointed counsel

Respondent asserts that Petitioner's claim in Ground Two that counsel failed to advise him he was eligible for appointed counsel is procedurally barred because it was not raised to the PCR court. The undersigned agrees. Petitioner raised the issue that he requested, and was denied, a continuance to seek new counsel. App. 148, 177-78. Petitioner also submitted a Motion to Alter or Amend the Judgment to the PCR court, providing the court with a complete copy of his request for a continuance to the trial court. App. 233-36. In his Motion to Alter or Amend his PCR Petition, Petitioner asserted that counsel was ineffective and before trial he sought to have counsel relieved and replaced with new counsel. *Id.* However, Petitioner did not assert, either at the evidentiary hearing or in his subsequent motion, that trial counsel was ineffective for failing to advise Petitioner that he was eligible for court-appointed counsel. The PCR court issued a consent order to amend the judgment and found "trial counsel was not ineffective regarding the issue of a continuance and that [Petitioner] failed to show prejudice from trial counsel's performance." App 238. In his Petition for Writ of Certiorari to the South Carolina Supreme Court, Petitioner, for the first time, raises the issue that "neither the trial court nor trial counsel informed the Petitioner that he had the right to appointed counsel to represent him at trial." ECF No. 13-11 at 14. Because Petitioner did not raise this issue in his PCR action, and did not move to alter or amend the judgment on this ground, the issue was not properly before the South Carolina Supreme Court. *See Humbert v. State*, 548 S.E.2d 862, 866 (S.C. 2001) ("This argument was not raised to and ruled on by the PCR judge and, therefore, is not preserved for

review."); *Noisette v. Ismail*, 403 S.E. 2d 122, 124 (S.C. 1991). Accordingly, this portion of Petitioner's ineffective-assistance-of-counsel ground is procedurally barred.

          b.      Counsel's failure to assist Petitioner in securing medical treatment

Respondent asserts that this claim for ineffective assistance of counsel is not available for review because it is procedurally defaulted. ECF No. 33 at 16. The undersigned agrees. Petitioner did not raise the issue of his medical condition at his guilty plea hearing or in his PCR application. Although Petitioner brought this issue to the PCR court's attention during the evidentiary hearing, App. 167-68, he did not seek to amend his application to include this issue. *Cf.* App. 141 (Petitioner's request to amend application to include the sentencing issue).

At the PCR hearing Petitioner asserted that, at the time of his guilty plea, he had been in severe pain because of back injuries he sustained in the accident. App. 165-66. Petitioner stated that he pleaded guilty so that he could get medical assistance, and his plea was not made freely and voluntarily because he "felt trapped." App. 167. Petitioner's trial counsel testified that he was able to secure Petitioner pain medication while he was in the Berkeley County Jail, and that Petitioner "never talked about his spine to me. The only issue he addressed to me was his T.M.J."[5] App. 195. At his guilty plea colloquy Petitioner stated that he was not taking any medication other than an antidepressant and that it did not affect his ability to think or reason. App. 100. Because Petitioner did not raise this issue in his initial appeal or in his application for PCR, nor did he seek to amend his PCR grounds, the issue was not properly before the PCR court, and therefore, is procedurally barred.

_____

[5] Temporomandibular disorders (TMD) occur as a result of problems with the jaw, jaw joint and surrounding facial muscles that control chewing and moving the jaw. These disorders are often incorrectly called TMJ, which stands for temporomandibular joint. *See Web*MD, www.webmd.com/oral-health/guide/temporomandibular-disorders.

In *Kornahrens*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1994). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Ground Two regarding Plaintiff's right to appointed counsel and lack of medical care as those claims are procedurally barred.

Additionally, Petitioner has not shown sufficient cause and prejudice to excuse the default. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Petitioner did not raise cause and prejudice or actual innocence as a defense to the procedural bar. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Murray v. Carrier*, 477 U.S. 478 (1986); *Wainwright v. Sykes*, 433 U.S. at 88–91; *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (noting that to satisfy the prejudice prong of *Strickland*, a petitioner must demonstrate there is a reasonable probability that, but for counsel's errors, the result would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159

(7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense that impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner offers no reason for his failure to comply. *See* Pet'r's Resp., ECF No. 41. The only mention in Petitioner's response to summary judgment that could be considered relevant to his establishing such cause is found under the heading "Involuntary Guilty Plea." In that section, Petitioner states he pleaded guilty because he was coerced by his attorney, and "basically drove to the courtroom by Judge Dennis, leaving [him] no choice, by not granting [him his] continuance or even offering [him] appointed counsel." *Id.* at 11. Petitioner says nothing about his medical claim. Because nothing impeded Petitioner's counsel or Petitioner from bringing these issues on initial appeal, including them in his PCR application, or presenting it to the PCR court, Petitioner cannot show cause for failure to comply with the procedural rule.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

Petitioner pleaded guilty to felony DUI. App. 88. At the PCR hearing Petitioner admitted that he was driving under the influence, that he pleaded guilty to causing the accident, and the victim died as a proximate cause of the accident. App. 177. Toxicology reports indicated Petitioner's blood alcohol level was above the legal limits. App. 95-96. Furthermore, the State had eye-witnesses prepared to testify at trial that Petitioner's vehicle crossed into the victim's lane of traffic. App. 92, 94. In light of all of the foregoing, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars apply to Petitioner's claims in Ground Two that counsel was ineffective for failing to inform Petitioner of his right to appointed counsel, and for failing to obtain medical treatment. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to those claims.

c.   Involuntary guilty plea

Respondent also asserts that although Petitioner raised the issue of involuntary guilty plea to the PCR court, Petitioner did not preserve the issue on appeal in the collateral proceeding. *See* Resp.'s Br., ECF No. 33 at 23. The undersigned disagrees. Having reviewed the record, the undersigned finds that appellate counsel presented the issue whether the plea was voluntary framed as an ineffective assistance of counsel claim. ECF No. 33-11 at 7-8. Accordingly, the undersigned considers the remainder of Petitioner's claims in Ground Two and Ground Three on the merits below.

2.   Merits Review

a.   Ground One: Subject Matter Jurisdiction

Petitioner assets that the crime for which he was convicted was in the exclusive jurisdiction of the magistrate's court, he was never issued a warrant, and the indictment was not

adequate. ECF No. 1-1 at 1. As argued by Respondent, Petitioner's claim in Ground One is based solely on a matter of "state law and is not cognizable in this action." ECF No. 33 at 15. Federal habeas relief is only available when the alleged error was based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "The determination of jurisdiction by a state court is purely a state law matter." *McCray v. Maynard*, No. 602-083819AK, 2002 WL 32078935, at *6 (D.S.C. Aug. 20, 2002) (citing *Wright v. Angelone*, 151 F.3d 151 (4th Cir. 1998)). The PCR court reviewed the indictment and found "the trial court had subject matter jurisdiction to accept [Petitioner's] guilty plea. Defects in the indictment do not affect subject matter jurisdiction." App. 231. Any allegation that the circuit court lacked subject matter jurisdiction, or that Petitioner's indictment was inadequate must fail because those are issues of state law. Accordingly, Ground One should be dismissed.

b.      Ground Two: Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). The habeas court's analysis centers on whether the state court properly applied the *Strickland* test. *See Williams v. Taylor*, 529 U.S. 362, 391 (2000) (noting that "the *Strickland* test provides sufficient guidance for

24

resolving virtually all ineffective-assistance-of-counsel claims"). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 694.

Ineffective assistance of counsel claims may be asserted in limited circumstances when the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process that occurred prior to the plea. "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann*, 397 U.S. at 771). Under this first *Strickland* prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. For a petitioner who pleaded guilty, the prejudice prong of the *Strickland* test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Petitioner contends that trial counsel failed to conduct an adequate investigation, failed to personally interview a key witness, failed to require the State to test the victim's blood for the presence of marijuana, failed to seek a continuance, failed to inform Petitioner that he could secure appointed counsel rather than proceed to trial pro se, and failed to assist Petitioner in securing medical treatment for injuries sustained in the accident.[6] *See* ECF No. 22.

---

[6] The court addressed Petitioner's claim regarding counsel's failure to inform him that he could obtain appointed counsel and failure to seek medical treatment in its procedural bypass analysis. *See* discussion *supra* Part II, D.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. *Sneed v. Smith*, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. *Bunch v. Thompson*, 949 F.2d 1354 (4th Cir. 1991). Petitioner must show that counsel's failure to investigate was prejudicial. The PCR court specifically rejected claims that trial counsel did not properly conduct a pre-trial investigation and prepare for trial finding the following:

> Trial counsel testified that he had adequate time to prepare for trial and was prepared for trial. Trial counsel testified that he did not have the victim's blood tested for marijuana. He testified that the toxicology report came back negative for the other illegal drugs tested and alcohol. The passenger in the victim's vehicle would testify that the victim had not smoked marijuana that day.

> Trial counsel also testified that he hired an investigator, William Freeman, to interview Margaret Shobe. The investigator reported back that Margaret Shobe would testify at trial that although victim's car did run off the road earlier, that there was no erratic driving on the victim's part two to three miles before the accident occurred. Trial counsel also testified that he and the Applicant discussed the theory of their defense which was that the victim contributed to the accident. Trial counsel admitted there were huge hurdles to overcome especially since the victim did not have alcohol in his blood but the applicant's blood alcohol content was above the legal limit. Trial counsel also testified that there were other witnesses to the accident that were going to testify that the Applicant was at fault in the accident.

App. 228-29. Petitioner has not shown that the PCR court's findings and conclusions were contrary to, or an unreasonable application of, the *Strickland* standard. Petitioner's Ground Two allegations should be dismissed in their entirety.

c.       Ground Three: Involuntary Guilty Plea

Ineffective assistance of counsel may render a guilty plea involuntary. A petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett*, 411 U.S. at

267. When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. *Hill*, 474 U.S. at 56.

Petitioner asserts that he was "advised incorrectly regarding the potential sentence" and coerced by trial counsel in how to respond to the judge's questions. ECF No. 1-1 at 6. Petitioner's claims are without merit. The record shows that the negotiated plea was explained to Petitioner including the potential sentence he was facing. App. 84. Trial counsel stated that he counseled and advised Petitioner regarding his decision to plead guilty based on the facts and the totality of the circumstances that would be presented at trial. App. 209. He also stated that he did not instruct Petitioner on how to answer questions, but he did share the litany of questions the judge would present, along with Petitioner's constitutional rights. *Id.* The PCR court found that based on the transcripts and trial counsel's testimony, Petitioner "understood the consequences of a guilty plea, the elements of the crime of felony driving under the influence where death results, his Constitutional rights, and the possible sentences." App. 230. The PCR court found trial counsel was not deficient, and Petitioner "failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation he would have not plead guilty but would have insisted on going to trial." *Id.* Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Three.

III. Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 32, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

July 13, 2012                                         Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation.**