IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jimmy W. Wilson, ) | |
| ) | Civil Action No. 5:11-1541-MBS-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Warden, McDougall Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On June 24, 2011, Jimmy W. Wilson ("Petitioner"), a prisoner in custody of the South Carolina Department of Corrections ("SCDC") at McDougall Correctional Institution ("Respondent"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for review.

**BACKGROUND**

In August 2003, a grand jury in Berkeley County, South Carolina indicted Petitioner on the charge of felony driving under the influence causing death. Petitioner was represented by Steven Davis, Esq. On August 26, 2003, Petitioner pleaded guilty. After a hearing, the state court judge accepted Petitioner's guilty plea. The state court judge sentenced Petitioner to a twenty year term of imprisonment that is to be suspended upon service of eighteen years and five years of probation. The state court judge also imposed a fine of $10,000.00. Petitioner appealed. Wanda P. Hagler, Acting Deputy Chief Attorney of the South Carolina Office of Appellate

Defense, represented Petitioner. On November 9, 2004, appellate counsel filed an *Anders*[1] brief on behalf of Petitioner in the South Carolina Court of Appeals, arguing that the lower court erred in accepting Petitioner's guilty plea without informing him of the sentencing consequences. The state appellate court dismissed the appeal on April 7, 2005.

On October 11, 2004, prior to resolution of Petitioner's direct appeal, Petitioner filed an application for post-conviction relief ("PCR"). Petitioner raised the following claims: 1) the trial court lacked subject matter jurisdiction; 2) ineffective assistance of counsel; and 3) involuntary guilty plea. On May 29, 2007, the PCR court held an evidentiary hearing, during which Petitioner was represented by Tommy A. Thomas, Esq. At the start of the hearing, Petitioner moved to amend his PCR application to include a challenge to the trial court judge's sentence on the grounds that the probationary portion violated South Carolina law. On September 5, 2007, the PCR court issued an order dismissing Petitioner's application.

First, the PCR court found that Petitioner's sentence conformed to the law. The PCR court determined that S.C. Code Ann. § 56-5-2945, permits probationary sentences. Accordingly, the PCR court concluded that Petitioner's sentence of twenty years, to be suspended upon service of eighteen years, with five years probation was lawful.

Second, the PCR court determined that trial counsel was not constitutionally ineffective. The PCR court evaluated testimony from Petitioner and trial counsel and determined that trial counsel conducted an adequate pre-trial investigation that provided an ample basis on which to advise Petitioner through to his guilty plea. The PCR court noted that the toxicology report available to trial counsel revealed that Petitioner's blood alcohol level was well above the legal

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

limit when the accident occurred. By contrast, the victim's toxicology report came back negative for drugs and alcohol, although the report did not test for marijuana. The Petitioner made much of the fact that trial counsel did not request that the State test for marijuana in the victim's blood, but trial counsel testified that the passenger in the victim's vehicle would have testified that the victim had never used marijuana. In addition, trial counsel testified that his investigation and the work of a hired investigator revealed that there were other witnesses who would have testified that Petitioner was at fault. The PCR court also determined that trial counsel adequately advised Petitioner of the consequences of pleading guilty, informing Petitioner that he could not guarantee a particular sentence because that decision rests with the state court judge. For those reasons, the PCR court found that Petitioner had failed to demonstrate ineffective assistance of counsel.

      Third, the PCR court found that Petitioner entered his guilty plea voluntarily, basing its decision on many of the same findings it relied on to conclude that Petitioner had not adequately demonstrated ineffective assistance of counsel. The PCR court concluded that trial counsel was not deficient in any aspect of his representation that would have rendered Petitioner's guilty plea involuntary. The PCR court determined that although trial counsel recommended that Petitioner plead guilty based on the strong evidence against him and the unlikely event that Petitioner would succeed at trial, there was no evidence that trial counsel forced Petitioner to plead guilty. Petitioner claimed that trial counsel used coercion and instructed him as to how he should answer the state court judge's questions at the plea hearing. The PCR court found no support in the transcript to corroborate Petitioner's testimony. Petitioner claimed that trial counsel incorrectly guaranteed that his sentence would be between five and seven years. Petitioner further claimed

that trial counsel failed to inform him that parts of the sentence could not be suspended. On both sentencing matters, the PCR court found trial counsel's testimony to the contrary more credible. Accordingly, the PCR court found no failure in trial counsel's assistance that would have rendered Petitioner's guilty plea involuntary.

Fourth, the PCR court rejected Petitioner's claim that the trial court lacked subject matter jurisdiction to accept Petitioner's guilty plea. Petitioner argued that the court lacked subject matter jurisdiction because no warrant was issued in his case, the subsection of the applicable statute was not referenced in the indictment, and the indictment failed to include the essential elements of the crime. The PCR court determined that defects in the indictment do not impair the trial court's subject matter jurisdiction. The PCR court noted that the indictment serves the purpose of placing a defendant on notice of the criminal charges against him. The PCR court held that in Petitioner's case the indictment achieved its purpose. Thus, the PCR court rejected Petitioner's application as to this basis.

On September 17, 2009, Petitioner, represented by Tricia A. Blanchette, Esq., filed a petition for a writ of certiorari in the Supreme Court of South Carolina challenging the decision of the PCR court. On November 5, 2010, the state supreme court denied the petition. Appellate counsel filed a petition for rehearing on November 16, 2010, which the state supreme court denied on December 2, 2012. On June 24, 2011, Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 20, 2011, Petitioner filed an amended petition. Petitioner asserts the following grounds for relief:

**GROUND ONE**: The trial court that heard Petitioner's guilty plea lacked subject matter jurisdiction.

> **GROUND TWO**: Trial counsel rendered ineffective assistance of counsel for the following reasons: 1) failure to adequately investigate the facts and circumstances of the incident; 2) failure to personally interview the only neutral witness; 3) failure to require the State to produce a toxicology report that tested for marijuana in the victim's blood; 4) failure to personally view the accident scene or procure an accident scene specialist; 5) failure to seek a continuance in order to provide additional time to request critical *Brady* material from the State; 6) failure to inform Petitioner that he could have secured court appointed counsel, rather than proceed pro se; and 7) failure to secure Petitioner medical treatment for his injuries, which prevented Petitioner from assisting counsel in the preparation of his case.
>
> **GROUND THREE**: Petitioner's guilty plea was entered into involuntarily for the following reasons: 1) trial counsel incorrectly informed Petitioner regarding the sentencing consequences; 2) trial counsel coerced Petitioner as to how he should answer the state court judge's questions at the plea hearing; 3) trial counsel mislead Petitioner in all aspects of the state court proceeding.

ECF No. 1 & 22.

On October 12, 2011, Respondent filed a motion for summary judgment. ECF No. 32. On the same day, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion for summary judgment and the possible consequences of failing to respond adequately. ECF No. 34. On November 7, 2011, Petitioner filed a response in opposition to Respondent's summary judgment motion. ECF No. 41. On July 13, 2012, the Magistrate Judge filed a Report and Recommendation, recommending

that Respondent's motion for summary judgment be granted. ECF No. 53.

The Magistrate Judge considered Petitioner's first ground for relief on the merits. The Magistrate Judge found that the scope of the trial court's subject matter jurisdiction was a matter of state law that did not provide grounds for federal habeas relief. Thus, the Magistrate Judge recommended granting summary judgment as to this basis.

With respect to Petitioner's second ground for relief, the Magistrate Judge found that Petitioner's ineffective assistance of counsel claims concerning trial counsel's failure to seek medical treatment for Petitioner's injuries and failure to inform Petitioner that he could obtain court appointed counsel were procedurally barred because Petitioner failed to raise them before the PCR court. Furthermore, the Magistrate Judge found that Petitioner did not allege any "cause or prejudice" excusing his failure to present those claims to the PCR court or put forth evidence of "actual innocense." The Magistrate Judge considered Petitioner's remaining ineffective assistance of counsel claims on the merits. The Magistrate Judge reviewed the PCR court's findings and found that its denial of relief was not unreasonable and that the PCR court did not unreasonably apply the law in light of the evidence regarding ineffective assistance of counsel.

The Magistrate Judge considered Petitioner's third ground for relief on the merits. The Magistrate Judge recognized that ineffective assistance of counsel may render a guilty plea involuntary but found that Petitioner's claims were unpersuasive. The Magistrate Judge noted that the record demonstrated that the negotiated plea was explained to Petitioner, including the potential sentence the judge could impose. The Magistrate Judge further noted that the PCR court had reasonably concluded based on transcripts and trial counsel's testimony that Petitioner understood the consequences of a guilty plea, the elements of the crime for which Petitioner was

charged, his constitutional rights, and the sentencing consequences. The Magistrate Judge found that the PCR court's denial of Petitioner's involuntary guilty plea claim was not unreasonable.

For those reasons, the Magistrate Judge recommended granting Respondent's motion for summary judgment.

## **DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

Upon review, the court finds that Petitioner's objections are non-specific and amount to nothing more than a declaration of innocence and an attack on the credibility of those who witnessed the events that gave rise to his criminal conviction. ECF No. 55. Petitioner addresses none of the dispositive issues discussed in the Report and Recommendation. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-8 (4th Cir. 1982). Nevertheless, the court has throughly examined the record and agrees with the Magistrate Judge's findings.

**CONCLUSION**

For the reasons set forth above, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. The court grants Respondent's motion for summary judgment.

*CERTIFICATE OF APPEALABILITY*

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court DENIES a certificate of appealability.

**IT IS ORDERED.**

                                                  s/ Margaret B. Seymour
                                                  Margaret B. Seymour
                                                  Chief United States District Judge

Columbia, South Carolina
September 25, 2012